IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANTZ PAUL CLAUDEL JULES,  *
   Petitioner

   v.                                  CIVIL ACTION NO. AMD-05-1510

THE ATTORNEY GENERAL OF THE
   UNITED STATES, et al.,  *
   Respondents

******

MEMORANDUM

This 28 U.S.C. § 2241 pro se petition for habeas corpus relief was filed on June 3, 2005. Petitioner, Frantz Paul Claudel Jules, is a Department of Homeland Security, Immigration and Customs Enforcement ("ICE") detainee held in custody at the Dorchester County Detention Center in Cambridge, Maryland, awaiting deportation from the United States to Haiti. Petitioner seeks review of the decision of the immigration courts, arguing that: (1) the decision of the Board of Immigration Appeals ("BIA") to deny his application for Deferral of Removal under the Convention Against Torture ("CAT") involved an erroneous interpretation of the "specific intent" requirement under the CAT; and (2) the BIA erred in its factual determinations regarding the health care situation for Haitian detainees.

It appears that petitioner has raised a cognizable § 2241 claim. This court would therefore typically exercise jurisdiction over the matter and order the respondents to file an answer. On May 11, 2005, however, the President signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231. Included within this far-reaching legislation is the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), 119 Stat. 231 ("RIDA"). Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of constitutional or statutory claims related to the United Nations Convention or to an order of removal.

Section 106(a)(1)(B)(4) provides, in part:

[N]otwithstanding . . . section 2241 of title 28, United States Code, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture . . . .

In addition, Section 106(a)(1)(B)(5) states:

[N]otwithstanding . . . section 2241 of title 28, United States Code, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act. For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 or such title . . . .

These provisions appear to divest this court of jurisdiction to adjudicate Jules' petition. Instead of dismissing the case, however, the undersigned shall treat the petition as one for review improperly filed in this court and transfer it to the United States Court of Appeals for the Fourth Circuit.* Any deportation is stayed pending further order from the Fourth Circuit. An order follows.

Filed: June 9, 2005

/s/
Andre M. Davis
United States District Judge

---

*Prior to the enactment of RIDA, an alien contesting removal could file one of two federal petitions: (1) a petition for review in a court of appeals or (2) a petition for a writ of habeas corpus in district court. Under the plain terms of § 106(a)(1)(B), however, aliens are foreclosed from filing a habeas petition. This arguably has implications under the Due Process and Suspension Clauses. See INS v. St. Cyr, 533 U.S. 289, 299-301 (2001). For example, while habeas corpus law provides for an evidentiary hearing, § 106(a)(1)(B) requires aliens to file a petition for review, which restricts the court to "decide the petition only on the administrative record on which the order of removal is based." See 8 U.S.C. § 1252(b)(4)(A). Further, there is some question whether petitioner, who acknowledges that he was convicted of an aggravated felony, could receive judicial review in the court of appeals. When read in conjunction with other Title 8 provisions, § 106(a)(1)(B) seemingly forecloses certain alien criminals from receiving any judicial review. See 8 U.S.C. § 1252(a)(2)(C) (courts of appeals are barred from entertaining an alien's petition for review if that alien committed any statutorily enumerated offenses). Indeed, the Fourth Circuit has consistently declined to take jurisdiction over petitions for review filed by aliens who have committed aggravated felonies. See Lewis v. INS, 194 F.3d 539, 541 (4th Cir. 1999).

Since the enactment of RIDA, at least one other district court has voiced these same concerns. See Wahab v. U.S. Attorney General, ___ F.Supp.2d ___, 2005 WL 1320123, *1 (E.D.Pa. May 31, 2005). Nonetheless, given the jurisdictional restrictions of RIDA, this case shall be transferred to the Fourth Circuit.